UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO: 18-16 |
| JAMAR RUCKER | SECTION "H" |

### ORDER AND REASONS

Before the Court is Defendant Jamar Rucker's Motion for Early Termination of Supervised Release (Doc. 165).

On June 25, 2024, Defendant Jamar Rucker filed a *pro se* motion requesting early termination of his term of supervised release. In December 2021, Defendant was sentenced to 78 months of incarceration and 4 years of supervised release for possession with the intent to distribute 40 grams or more of a mixture or substance containing a detectable amount of fentanyl. He was released from federal prison and has completed more than one and a half years of his term of supervised release. Defendant now asks this Court to release him from further supervision because he has "accepted responsibility for this crime, served a sentence, completed more than a year and a half of [his] term of supervised release, and successfully transitioned back into society as a

1

productive and law-abiding citizen."[1] He further avers that he has "always been remorseful and dedicated to righting [his] wrongs."[2] The Government has not filed an opposition into the record.

Pursuant to 18 U.S.C. § 3583(e), a district court may terminate supervised release at any time after the expiration of one year if, after considering the factors set forth in § 3553(a), "it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." "The factors to be analyzed generally concern the nature of the offense, the defendant's history, public safety, and the deterrent effect."[3] The district court has broad discretion in considering requests for early termination of supervised release.[4] Courts have held that early termination "is warranted only in cases where the defendant shows changed circumstances, such as exceptionally good behavior."[5]

Here, Defendant has failed to identify any "changed circumstances" warranting early termination of his supervised release. While Defendant's successful return to society as a productive and law-abiding citizen is certainly laudable, "[c]ompliance with the terms of supervised release and with the law alone is not enough to merit early termination; such conduct is expected and

---

[1] Doc. 165 at 2.
[2] *Id.* at 1.
[3] United States v. Hayes, No. 01-311, 2013 WL 5328874, at *1 (E.D. La. Sept. 20, 2013).
[4] United States v. Jeanes, 150 F.3d 483, 484 (5th Cir. 1998).
[5] United States v. Jones, No. V-11-21, 2013 WL 2417927, at *1 (S.D. Tex. June 4, 2013).

2

required."[6] The Court finds that given the nature of Defendant's offense and his criminal history, continued supervision appropriately reflects the seriousness of his offense and satisfies the goals of public safety and deterrence.

Accordingly;

**IT IS ORDERED** that early termination of supervision is not warranted, and Defendant's Motion is **DENIED**.

New Orleans, Louisiana this 26th day of July, 2024.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[6] United States v. Pitman, No. 9:18-CR-16, 2022 WL 2328868, at *2 (E.D. Tex. June 28, 2022). *See, e.g.*, United States v. Hayes, No. 01–311, 2013 WL 5328874 (E.D. La. Sept. 20, 2013); United States v. Guidry, No. 3:19-cr-332-S, 2020 WL 908542 (N.D. Tex. Feb. 13, 2020).